# CIRCUIT COURT OF BALTIMORE CITY

Filed December 26, 1899.

OSCAR WOLFF, ET AL., RECEIVERS,

VS.

BENJAMIN T. BINGHAM, ET AL.

*Thomas G. Hayes* and *Alexander H. Robertson* for plaintiffs.

*William Pinkney Whyte* and *John T. Mason, R.*, for defendants.

STOCKBRIDGE, J.—

In 1881, the Perkins Square Building Association was incorporated under the general incorporation laws of this State, and began to conduct business in the manner customary with building associations, and continued to do so down until the fall of 1895.

It was then discovered that there was a very considerable shortage in the funds of the association, a shortage reaching into the thousands of dollars, and that the shortage was the result of a systematic series of embezzlements extending over a considerable period of time, perpetrated either by Mark B. Amber, the secretary of the company, or by Ambler in conjunction and conspiracy with Bingham, the president, and Jones, the secretary of the corporation. Receivers were appointed on the 19th of November, 1895, who have since that time been engaged in the winding up of the affairs of the association.

The present bill is filed by the receivers of the building association against its directors, for the purpose of making them individually liable for the obligations of the corporation, and is based upon the theory that the directors were guilty of "gross negligence", and that to this negligence upon their part was due the wrecking of the association. Four of the defendants, Bingham, Jones, Ambler and Hamilton, have suffered decrees pro confesso to go against them; the other directors have answered, denying all negligence, and specifically pleading limitations.

The proof in the case shows the abstraction of the money to have been carried out by deliberate falsification of the books of the corporation, including the making of false entries, the omission to make proper entries, the making of a false bank-book in imitation of the actual bank-book of the association, the practical abandonment of the keeping of a cash-book, and apparently that no note-book or any record whatever of bills payable issued by the association, was kept. The receivers, who are the plaintiffs, have offered in evidence certain of the alleged books of the corporation, which have come into their possession, and to the admissibility of these books in evidence the contesting defendants have objected. With respect to this objection it is sufficient to say that the tender of the plaintiffs was not made for proving the truth of the entries appearing in the books, but merely to show what they did contain, and for such purposes the books are undoubtedly admissible in evidence, under the rule as laid down in the case of the Union Bank vs. Ridgely, 1 H. & G., 431.

The next, and by far the most difficult question which arises in this case, is that which has to do with the statute of limitations. The receivers were appointed on the 19th day of November, 1895, and the bill in the present case was filed on the 8th day of December, 1898. The time or times when the acts were committed, upon which the allegation of negligence must be based, were some weeks or months prior to the appointment of the receivers, probably as early as July, 1895; and certainly as early as the 19th of November, 1895,

such a condition had developed that the statute of limitations would begin to run, provided that statute can be invoked at all in the present case. Beginning to run, therefore, if it obtains at all, in the middle of November, 1895, the period of limitations would have fully expired before the institution of the present case on the 8th of December, 1898.

There is no allegation or sufficient proof of fraud upon which to base any application for equitable relief; the proceeding is not founded upon any statutory liability of the directors; it must exist, if it exists at all, as a matter of common law remedy, by reason of the relation of trustee and cestui que trust, between the directors of a corporation and the corporation itself, its stockholders and creditors which arises from the position of director. Wherever there is an express trust the defense of limitations is not available, by a trustee as against his cestui que trust or those claiming under him, but the rule in this State upon the subject has been declared by our Court of Appeals in substantially these terms: "that the statute of limitations is a bar to a bill in equity, just as it is a bar to an action in a court of law, but if a cestui que trust demands in equity an account from the trustee, and there is an express, subsisting and recognized trust, neither the period of limitations prescribed by the statute nor length of time is a bar to relief; if, however, there is merely an implied or constructive trust arising by operation of law, courts of equity will, as a general rule, follow and obey the law by applying the statutory limitation of time."

Green vs. Johnson, 3 G. & J., 390.

Weaver vs. Leiman, 52 Md., 713.

Upon the question whether the relation of the directors of a corporation to the corporation itself, its stockholders and creditors is that of a trustee, or if it partakes in its nature of some of the elements of a trustee, whether it is an express trust, or is a trust resulting from implication of law, the authorities are not entirely harmonious. In the view of many courts the relation and measure of responsibility is rather that of an agent or bailee, or as it is called in some of the opinions of a mandatory.

Where this view is taken it follows that the trust relation does not techni-cally exist, it is a fiduciary relation, yet not such as one as would prevent the running if the statute of limitations or take cases out of the operation of that statute, whereas, where the relation is expressly and distinctly that of trustee and cestui que trust the statute never obtains.

In the Maryland cases there are two in which the question has been involved, rather than directly presented to our Court of Appeals, and the first was that of the Hoffman Coal Co. against the Cumberland C. & I. Co., 16 Md. 464. In this case, Mr. Sherman, a director and one of the executive committee of the corporation, had endeavored to be a purchaser at a sale of corporate property, and while the sale in that case was set aside, the court declined to treat Mr. Sherman as a trustee, its language was, that "his position made him in some sense a trustee for the stockholders," this is manifestly far below what is requisite to constitute an individual an express trustee, or in the language of 52 Md., already quoted, a trustee under "an express, subsisting and recognized trust," and this statement of the position was followed up in the case of Booth vs. Robinson, 55 Md., 436, where the court says: "Directors in joint stocks corporations are not, in the strict and technical sence of the term, trustees for the stockholders. The property of the corporation is not vested in them, but in the body corporate. They are, however, in one sense trustees, and they occupy a fiduciary relation to the corporation and its stockholders." The question with which we are at present concerned, is not what the measure of the liability of directors is under all circumstances and conditions, but solely, what that relation is for the purpose of the statute of limitations.

Now, it is universally conceded that as between agent and principal, and as between bailor and bailee, there is a fiduciary relation, but it is not a fiduciary relation amounting to an express trust, and therefore, as between parties sustaining either of these relations, the defense of the statutes is always available.

Williams vs. Halliard, 38 N. J. Eq. 373.

Spering's Appeal, 71 Pa. St. 11.

And since our Court of Appeals, while recognizing the fiduciary relation to

exist upon the part of the director of a corporation to his body corporate, its stockholders and creditors, does not recognize that as constituting a strict trust, but rather a trust by implication, one arising by operation of law, I am constrained to hold the plea of limitations in this case sufficient, and to dismiss the bill.